UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAZZMEN BLANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:25-CV-96-HAB-ALT |
| | ) |
| EXPERIAN, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court for an Order on the Magistrate Judge's Report and Recommendation ("R&R") in which the Magistrate Judge *sua sponte* recommends that the case be dismissed with prejudice as a sanction under Fed. R. Civ. P. 16(f)(1) and Fed. R. Civ. P. 41(b) for failure to prosecute. (ECF No. 39). That R&R was filed on August 26, 2025. The parties were advised of the 14-day objection period under Fed. R. Civ. P. 72(b). That deadline has passed without any objections filed by the parties.

Plaintiff Jazzmen Blanks, proceeding *pro se*, filed her complaint against Defendants Experian and Exeter Finance on March 3, 2025, claiming violations of the Fair Credit Reporting Act and Fair Debt Collection Practices Act. (ECF No. 1). On May 7, 2025, Exeter Finance filed a motion to dismiss. (ECF No. 10). On July 1, 2025, Experian filed a notice of settlement. (ECF No. 26).[1] On July 9, 2025, Blanks filed a response to Exeter Finance's motion to dismiss (ECF No. 28). She also requested leave to amend her complaint and an extension of time within which to

---

[1] On August 11, Experian filed a stipulation to dismissal with prejudice signed by Blanks and counsel for Experian. (ECF 34). As the Magistrate Judge notes in his R&R, because the stipulation of dismissal pertains to Blanks's claims against just one of the two Defendants, it does not comply with Federal Rule of Civil Procedure 41. R&R at 3 n.1 (citing *Brooks v. Ill. Am. Water Co.*, No. 3:24-CV-01848-NJR, 2025 WL 2171675, at *1 (N.D. Ill. July 31, 2025)).

obtain counsel. *Id.* The Court set a telephonic status conference to discuss the filings, which Banks failed to attend. (ECF Nos. 30-31). The Court subsequently set an in-person show-cause hearing for August 14, 2025, warning Blanks that if she failed to appear, additional sanctions might issue, up to and including monetary fines and dismissal of the lawsuit. (ECF No. 32). On August 11, 2025, Blanks filed a "Motion to Excuse Absence from Telephone Hearing," stating that she had "recently moved to a new address and submitted a change of address to the United States Postal Service[,]" "did not receive timely notification of the scheduled telephone hearing[,]" and "was unaware of the hearing date and was unable to participate in the proceeding." (ECF 33-1). Blanks asked that the Court "excuse [her] absence and grant [her] the opportunity to participate in a rescheduled hearing . . . ." *Id.*

At the show cause hearing on August 14, 2025, Blanks did not appear. (ECF No. 35). During the conference, the Magistrate Judge stated that he would issue a report and recommendation recommending dismissal of the case. *Id.* A week after the show cause hearing, Banks filed a "response" to the hearing, explaining that she "experienced significant delays with mail delivery, which caused [her] to receive notice too late to appear." (ECF No. 36 at 1). She also filed two motions, requesting that the Court excuse her absence at "the recent hearing," reschedule the hearing for a later date, continue the case for purposes of securing legal counsel, and send future notices to her via email. (ECF Nos. 37-38).

"If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As recounted above, the parties have not objected to the recommended disposition of the case. The Court has reviewed the Magistrate Judge's R&R. The Magistrate Judge engaged in a thorough discussion of the relevant law, and the Court finds that the R&R is not clearly erroneous

and is amply supported by the record. As the Magistrate Judge notes, while fair notice must be given to a party or its attorney before dismissal of a case, *see Ball v. City of Chicago*, 2 F.3d 752, 755-56 (7th Cir. 1993), the Court had explicitly warned Blanks that her claims might be dismissed if she failed to appear at the show cause hearing and status conference. R&R at 5 (citing ECF 32). Further, "'litigants . . . bear the burden of filing notice of a change of address,'" and, since Blanks knew she was experiencing mail delays, she could have visited the Clerk's office or checked the online docket. *Id.* at 5-6 (quoting *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004)). Accordingly, the Court adopts the Magistrate Judge's recommended disposition of the case.

The Report and Recommendation (ECF No. 39) is ADOPTED IN ITS ENTIRETY. Blanks's claims are DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 16(f)(1) and 41(b) and the Court's inherent power to manage its own affairs as a result of Blanks's failure to appear as ordered or to otherwise prosecute her case. The Clerk is directed to enter final judgment against Blanks and in favor of Defendants.

SO ORDERED on October 6, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT